Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave, Ste. 3000
Portland, OR 97205
Telephone: (503) 294-9557
Facsimile: (503) 220-2480

    Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZACK BARTEL, an Oregon individual, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>   v.<br><br>SHOWTIME NETWORKS, INC., a Delaware corporation,<br><br>    Defendant. | Case No.: 3:17-cv-01331-YY<br><br>**UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING A TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>*EXPEDITED HEARING REQUESTED* |

Page 1  -  UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

94143282.1 0065893-00001

## LR 7-1 CERTIFICATION

The undersigned counsel for Defendant ("Showtime") certifies that he has conferred with counsel for Plaintiff regarding the subject of this motion. Counsel for Plaintiff does not oppose the relief requested herein.

## MOTION

Showtime respectfully requests that this Court stay all proceedings in this case until 45 days after a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on a motion under 28 U.S.C. § 1407 to centralize this and other similar lawsuits filed in federal district courts across the country (the "Actions") for coordinated and consolidated pretrial proceedings. Specifically, Showtime requests the following order:

1. Showtime's time to answer, move or otherwise respond to Plaintiff's Complaint is hereby extended to forty-five (45) days after the Actions have been coordinated or consolidated in a single forum and a consolidated amended complaint has been filed (or lead plaintiffs' counsel has announced by filed notice that it will not be filing a consolidated amended complaint), or, if the Actions are not coordinated or consolidated in a single forum, forty-five (45) days after the JPML issues its decision on the planned motion under 28 U.S.C. § 1407; and

2. By submission of this motion, Showtime is not waiving and expressly reserves any defense, including for failure to state a claim, and Showtime is also not waiving and expressly reserves the right to compel arbitration on an individual basis and/or to contest the jurisdiction of a state or federal court to hear a dispute subject to a mandatory arbitration provision.

Page 2 -  UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

94143282.1 0065893-00001

Expedited hearing is requested because responsive pleadings will be due by September 22, 2017, in the absence of a stay.  Counsel for Plaintiff does not oppose the requested stay.

## MEMORANDUM

### A.    Introduction

This action is one of eight lawsuits[1] filed so far in courts across the country alleging violations of state consumer protection laws, among other claims, in connection with the streaming broadcast of the Mayweather v. MacGregor boxing fight on August 26, 2017 (the "Actions").  Showtime is a defendant in five of the Actions, including this one.  In light of the substantial similarities in the types of allegations and types of claims in the Actions, Showtime will request that the JPML coordinate and transfer all cases, including this one, to a single judge for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 (the "MDL Motion").

Given the strong likelihood that the Actions will be transferred by the JPML to a single court for pretrial purposes, judicial economy favors a stay and coordination of the Actions.  Showtime will be unnecessarily burdened if forced to respond to the complaint or participate in discovery in this lawsuit only to have it transferred and consolidated with other cases for further proceedings.  In addition, any action by this Court prior to such transfer would be wasteful of the Court's judicial resources and would create the possibility of inconsistencies in the adjudication of the other seven Actions.  Accordingly, this Court should grant the requested stay pending ruling on the MDL Motion.

---

[1] The Actions include:  *Bartel v. Showtime Networks, Inc.*, Case No. 3:17-cv-1331 (D. Or.); *Mallh v. Showtime Networks, Inc.*, Case No. 1:17-cv-06549 (S.D.N.Y.); *Garcia v. Showtime Networks, Inc., William Morris Endeavor Entertainment, LLC, Zuffa, LLC*, Case No. 3:17-cv-01803 (S.D. Cal.); *Ferrandini v. Zuffa, LLC, Showtime Networks, Inc.*, Case No.  BC673915 (C.A. Superior, LA County); *Vance v. Showtime Networks, Inc., Showtime Digital, Inc.*, Case No. 1:17cv6894 (S.D.N.Y.); *Park v. Zuffa, LLC, UFC Holdings LLC, NeuLion, Inc.*, Case No. 2:17-cv-02282 (D. Nev.); *Riley v. Zuffa, LLC, NeuLion, Inc.*, Case No. 2:17-cv-02308 (D. Nev.); *Daas v. Neurlion, Inc., Zuffa, LLC*, Case No. 1:17-cv-06944 (S.D.N.Y.).

Page 3  -  UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER
              DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**B. Argument**

Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated and consolidated pretrial proceedings." 28 U.S.C. § 1407(a). While an action is not automatically stayed upon the filing of an MDL Motion, the Court may, in its discretion, grant a stay when it serves the interests of judicial economy and efficiency. A district court has the power to stay proceedings, which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Oregon, ex rel. Kroger v. Johnson & Johnson*, No. 11-CV-86-AC, 2011 WL 1347069, at *2 (D. Or. Apr. 8, 2011) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) and granting motion to stay proceedings pending transfer to MDL).

In the specific context of a case awaiting potential transfer by the JPML, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to consolidate and transfer is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *Esquivel v. BP Co. North Am.*, No. B-10-236, No. B-10-227, No. B-10-237, 2010 U.S. Dist. LEXIS 110015, at *10 (S.D. Tex. Oct. 14, 2010) ("The JPML's guidance concerning the use of stay orders repeatedly stresses that '[a] stay of proceedings concerning questions common to all cases, such as class representation, may be appropriate to preserve the question for the transferee judge and avoid inconsistent rulings.'"). Indeed, case law is replete with decisions where district courts have stayed preliminary proceedings while awaiting decision from the JPML. *See Oregon, ex rel. Kroger*, 2011 WL 1347069, at *7 (granting stay pending transfer to the MDL when "the interest of judicial economy and consistency far outweigh any possible harm

to Plaintiff resulting from a brief stay"); *Vermurlen v. Ameriquest Mortgage Co.*, No. 1:06-CV-828, 2007 WL 3104339, at *1 (W.D. Mich. Oct. 22, 2007) (granting stay pending transfer to MDL "in the interest of judicial economy and efficiency"); *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. 2005) (granting stay pending transfer to MDL "in order to avoid duplicative proceedings" where "defendants will be forced to simultaneously litigate the same issues" and the "potential prejudice to plaintiffs is minimal, especially considering that plaintiffs' counsel will be arguing substantially the same issues").

"Courts should consider three factors when determining whether to stay an action: '(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases were in fact consolidated.'" *See Oregon, ex rel. Kroger*, 2011 WL 1347069, at *2 (quoting *Rivers*, 980 F. Supp. at 1360). In this case, consideration of each of these factors supports granting a stay.

### 1. Staying This Case Will Not Prejudice Any Party.

No party will suffer any prejudice if the case is stayed at this time. No issues of venue, jurisdiction, or other pretrial motion issues have been raised. No discovery has occurred, and the parties have not yet begun meetings and exchanges pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure. And no party opposes this motion.

### 2. Showtime Will Be Significantly Prejudiced If The Case Is Not Stayed.

Courts have widely recognized the prejudice that parties will suffer if a complex individual case proceeds with pretrial activity and discovery while pending potential transfer to an MDL court. *See Oregon, ex rel. Kroger*, 2011 WL 1347069, at *6 ("if Defendants are forced

Page 5 -   UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER
            DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

to [. . .] engage in pretrial matters and discovery in this court pending the ruling on the transfer to the [. . .] MDL, they will suffer prejudice in both time and expense, and may well be subject to conflicting rulings which may be invalid or overruled, if the transfer is eventually granted.").

This case is no different.  Without a stay, Showtime will face substantial prejudice in that it will be obligated to answer, or otherwise respond to, the complaint; to proceed with a Rule 26(f) conference; and to submit an initial report and proposed discovery plan under Rule 26(f). All of these matters could well occur before the MDL Motion is decided by the JPML, and all would be repeated before the MDL court if the case is transferred.  Preliminary matters such as these are commonly handled by the MDL court and should be handled by that court in this case.

Showtime is also a defendant in four of the other Actions.  Showtime intends to seek stays in those courts as well so it is not forced to engage in duplicative responses to the complaints and discovery, and to avoid risk of inconsistent orders or rulings in this case and the various other similar cases.  This risk can be eliminated in part if this case is stayed pending ruling by the JPML.

### 3.  A Stay Of This Case Will Conserve Judicial Resources And Enhance Judicial Efficiency.

A stay pending a potential MDL transfer is appropriate where it will conserve judicial resources and enhance efficiency.  *See, e.g.*, *Oregon, ex rel. Kroger*, 2011 WL 1347069, at *7 (granting motion to stay pending transfer to MDL when "this case raises issues likely to be addressed by" the MDL court and  "[a]llowing one court the opportunity to address all these issues facilitates both consistency and efficiency.").

If this case proceeds before the JPML's ruling, duplicative pretrial proceedings and discovery would likely occur.  The Court may have to consider and decide motions to dismiss and approve a case management plan.  In addition, the Court may become involved in initial

Page 6  -   UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

94143282.1 0065893-00001

discovery disputes. Subsequently, if the case is transferred by the JPML, all of this Court's effort would be repeated and duplicated by the MDL court and this would "unnecessarily consume judicial time and energy." *Rivers*, 980 F. Supp. at 1360. The Court should therefore stay the case, pending the decision on the MDL Motion, as other courts routinely do in similar circumstances.

**C.     Conclusion**

The Court should exercise its inherent power to stay this case until 45 days after the JPML rules on the MDL Motion on terms requested above. A stay of this case will not prejudice any party, will protect all the parties from duplicative and burdensome efforts and potentially inconsistent rulings, and will promote judicial economy and efficiency in this litigation. In addition, granting this motion ensures that Showtime will have sufficient time to prepare and respond to the complaint in the unlikely even the MDL Motion is denied.

DATED: September 15, 2017.

Respectfully submitted,

STOEL RIVES LLP

/s/ Timothy W. Snider
Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Telephone: (503) 294-9557

*Pro Hac Vice Applications Forthcoming*
Yehudah L. Buchweitz
yehudah.buchweitz@weil.com
Eric S. Hochstadt
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000

Attorneys for Defendant

Page 7  -  UNOPPOSED MOTION TO STAY PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

94143282.1 0065893-00001